UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. ) |
| LAUREATE SOUTHVIEW OPERATIONS, LLC, and JOCYLYN M. JONES, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Federal Insurance Company ("Federal"), by and through its attorneys, Cozen O'Connor, files its Complaint for Declaratory under 28 U.S.C. §§ 2201–2202, stating as follows.

**NATURE OF ACTION**

1. This is an insurance coverage action seeking a declaration of no coverage under Policy No. J06296579 (ForeFront Portfolio for Healthcare Organizations – Employment Practices Liability Coverage Part) issued by Federal to Named Insureds Laureate Southview Operations, LLC ("Laureate"), in connection with the civil action filed by Jocylyn Marissa Jones against Laureate and others in the United States District Court for the Northern District of Illinois, Case No. 1:25-cv-14028, which asserts claims arising from alleged workplace sexual assault and related conduct (the "Underlying Lawsuit").

2. A dispute exists as to whether Federal is obligated under the Policy to defend or indemnify Laureate in connection with the Underlying Lawsuit. As a result of this dispute, there is an actual case or controversy between the parties.

## PARTIES

3. Plaintiff Federal is an Indiana corporation with it principal place of business in New Jersey, and is therefore a citizen of Indiana and New Jersey.

4. Defendant Laureate is a Delaware limited liability company with its principal address in Cook County, Illinois. Laureate's members are (1) Laureate Chicagoland Holdings, LLC, a Delaware limited liability company with a principal place of business in Florida; and (2) Shaun Ahmad, a resident and citizen of North Carolina.

    a. Laureate Chicagoland Holdings, LLC's members are (1) RP 25 Holdings, LLC, a Florida limited liability company with a principal place of business in Florida; and (2) Shaun Ahmad, a resident and citizen of North Carolina.

        i. RP 25 Holdings, LLC's members are (1) Shaun Ahmad, a resident and citizen of Nort Carolina; (2) Nicholas F. Beucher III, a resident and citizen of Florida; and (3) M. Scott Shultz, a resident and citizen of North Carolina.

Laureate is, therefore, a citizen of Delaware, Illinois, Florida and North Carolina.

5. Defendant Jocylyn M. Jones ("Jones") is the plaintiff in the Underlying Lawsuit and a necessary party to this declaratory action so that her interests may be bound by any declaration regarding coverage for her claims asserted in the Underlying Lawsuit.

6. Jones is a resident and citizen of Illinois.

**JURSIDICTION AND VENUE**

7. This is an action for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, for the purposes of determining a question of actual controversy between the parties.

8. This Court has subject-matter jurisdiction over this actin pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Federal is a citizen of Indiana and New Jersey; Laureate is a citizen of Delaware, Illinois, Florida and North Carolina; and Jones is a citizen of Illinois.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District; the insured risk is located in this District; and the Underlying Lawsuit is pending in this Court.

**FACTUAL BACKGROUND**

**A.   The Policy**

11. Federal issued Policy No. J06296579 (the "Policy") to Laureate for the period of August 29, 2024 to August 29, 2025. A true copy is attached as Exhibit A.

12. Laureate tendered the Underlying Lawsuit to Federal under the Employment Practice Liability ("EPL") Coverage Part.

13. The applicable Insuring Clause (A) provides that Federal "shall pay, on behalf of an **Insured**, **Loss** on account of an **Employment Claim** first made against the **Insured** during the **Policy Period**." *Id.* at FEDERAL 031.

14. The Policy contains a **SEX ABUSE EXCLUSION ENDORSMENT** which provides in relevant part:

> In consideration of the premium charged, it is agreed that the Company shall not be liable under the Employment Practices Liability Coverage Part for **Loss** on account of any **Matter** based upon, arising from or in consequence of sexual abuse, sexual assault, or sexual battery.

*Id.* at FEDERAL 044 (hereinafter the "Sex Abuse Exclusion").

15. The Policy defines **Matter** to include any **Claim** which is defined to mean an **Employment Claim**. *Id.* at FEDERAL 031, 035.

16. The Policy defines **Employment Claim** to include any proceeding (including the service of a civil complaint or similar pleading) which is brought by a past or present employee against an Insured for an **Employment Practices Wrongful Act**. *Id.* at FEDERAL 032-33.

17. Under the Policy, an **Employment Practices Wrongful Act** includes any actual or alleged employment discrimination, wrongful termination, wrongful employment decision, workplace harassment, and negligent supervision and retention. *Id.* at FEDERAL 033.

**B.  The Underlying Lawsuit**

18. On or about November 14, 2025, Defendant/Claimant Jocylyn Marissa Jones filed suit against Laureate, Deangelo Hall and several other defendants in the United States District Court for the Northern District of Illinois, Case No. 25-cv-14028. A copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit B.

19. The Underlying Lawsuit alleges that Jones was sexually assaulted by Laureate employee DeAngelo Hall on January 21, 2024, while Jones and Hall were

working at Southview Manor nursing and rehabilitation facility, which during the relevant time, was allegedly owned, operated and managed by Laureate.

20. The Underlying Lawsuit further alleges that prior to Hall's sexual assault of her, Laureate knew and/or had constructive notice that Hall previously sexually assaulted other female staff and residents of Southview Manor, and that Laureate allegedly failed to supervise Hall, provide sexual harassment training and allowed Hall to continue his employment creating an unsafe and hostile workplace environment.

21. The Underlying Lawsuit also alleges that on March 18, 2024, Laureate allowed Hall to return to work, that Jones refused to return due to safety concerns, and that she was constructively discharged by Laureate.

22. The Underlying Lawsuit further alleges that Jones filed an EEOC Charge on October 22, 2024, received a Notice of Right to Sue dated August 21, 2025, and filed her Complaint on November 14, 2025.

23. Based on these and other allegations, Jones asserts the following claims against Laureate: Count I for Violation of Title VII; Count II for Violation of the Illinois Gender Violence Act; Count IV for Negligent Supervision and Retention; and Count V for Pierce the Corporate Veil, arising out of her alleged sexual assault, sexual abuse, and related workplace conduct.

24. On December 11, 2025, Federal disclaimed coverage for the Underlying Lawsuit. See Disclaimer Letter, attached hereto as Exhibit C.

### COUNT I — DECLARATORY JUDGMENT
### (Sex Abuse Exclusion Bars Coverage)

25. Federal realleges paragraphs 1–24 as if fully set forth herein.

Federal's Complaint for Declaratory Judgment – Page 5

26. As set forth above, the Sex Abuse Exclusion bars coverage for any Matter based upon, arising from or in consequence of sexual abuse, sexual assault, or sexual battery.

27. The Policy defines Matter to include any Employment Practices Wrongful Act against an Insured for actual or alleged employment discrimination, wrongful termination, wrongful employment decision, workplace harassment, and negligent supervision.

28. The claims and allegations in the Underlying Lawsuit fall squarely within the Policy's Sex Abuse Exclusion because they constitute, at minimum, a "Matter … based upon, arising from or in consequence of sexual abuse, sexual assault, or sexual battery."

29. All of Jones's claims and allegations against Laureate are predicated on alleged sexual assault and sexual abuse of Jones by Hall in Laureate's workplace and seek relief flowing from those allegations.

30. Under the express terms of the Sex Abuse Exclusion, Federal has no obligation to pay Loss on account of such Matter under the EPL Coverage Part.

31. Accordingly, Federal seeks a declaration that it owes no duty to defend or indemnify Laureate for the Underlying Lawsuit and that any past or continuing defense has been provided subject to reservation of rights and without waiver.

## JURY DEMAND

32. Federal demands a trial by jury for all questions of fact, if any.

## PRAYER FOR RELIEF

WHEREFORE, Federal respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

    A.    Declaring that Federal has no duty to defend or indemnify Laureate for the Underlying Lawsuit under the EPL Coverage Part of Policy No. J06296579 by virtue of the Sex Abuse Exclusion (Endorsement No. 5); and

    B.    Awarding such other and further relief as the Court deems just and proper.

Dated: December 17, 2025

Respectfully submitted,

COZEN O'CONNOR

By:   */s/ Wendy N. Enerson*
Wendy N. Enerson (ARDC# 6272377)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3100
wenerson@cozen.com